IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:            )
                             )
MICHAEL & PEGGY GENGENBACH,  )      CASE NO. BK05-41045-TLS
                             )
            Debtor(s).       )            CH. 13

ORDER

Hearing was held in Lincoln, Nebraska, on March 26, 2008, on the debtors' motion to modify plan (Fil. #65) and objections by Schrock Land & Cattle, Inc. (Fil. #72) and the Chapter 13 trustee (Fil. #73), and on the Chapter 13 trustee's motion to modify plan (Fil. #66), with joinder by Schrock Land & Cattle, Inc. (Fil. #70) and objection by the debtors (Fil. #68). Joe Hawbaker appeared for the debtors, Susan Williams appeared for Schrock Land & Cattle, Inc., and Marilyn Abbott appeared for the Chapter 13 trustee.

One of the debtors received an inheritance of approximately $468,000 two years after this case was filed. The debtors want to use approximately $2,800 to make a lump-sum payment to accelerate completion of their Chapter 13 plan and receive a discharge. The Chapter 13 trustee believes the inheritance should be used to pay all allowed claims in full. The allowed unsecured claims total $155,699.

This case was filed on March 17, 2005.[1] The debtors' first amended plan was confirmed on August 9, 2005. It proposed monthly payments of $490 for 36 months, for a total of $17,640. The plan was subsequently modified on February 9, 2007, to increase the base amount to be paid through the plan to $18,305 in order to pay secured and administrative claims. Mrs. Gengenbach's father passed away on March 7, 2007. The bankruptcy schedules were amended on January 3, 2008, to reflect Mrs. Gengenbach's receipt of a trust distribution and life insurance/annuity benefits.

Modification of a Chapter 13 plan is governed by § 1329, which in its applicable pre-BAPCPA form provided as follows:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to –
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> (2) extend or reduce the time for such payments; or
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

---

[1] It therefore is a pre-BAPCPA case.

>    (b) (1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.
>    (2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.
>    (c) A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

Therefore, a modified plan must meet the good-faith test of § 1325(a)(3) and the best interests of creditors test under § 1325(a)(4). The modification statute by its terms excludes § 1325(b) and the best efforts/disposable income test from consideration. *See* § 1329(b) and *Forbes v. Forbes (In re Forbes)*, 215 B.R. 183, 191 (B.A.P. 8th Cir. 1997) (stating "We agree that Congress omitted Code Section 1325(b) in the requirements for postconfirmation plan modification, and further, decline to take its prerogative as our own.").

The debtors take the position that the inheritance need not be accounted for in the plan because it is not considered property of the bankruptcy estate for purposes of the liquidation analysis that must be performed under the best interests of creditors test. The debtors rely on *Forbes*, *supra*, in which the Eighth Circuit's Bankruptcy Appellate Panel ruled that the debtor's receipt of a monetary settlement arising from a post-confirmation cause of action was irrelevant to the best interests of creditors test under § 1325(a)(4) when considering whether the plan should be modified.

*Forbes* involved a Chapter 13 debtor who obtained confirmation of a 60-month plan in 1994. In 1997, he received a settlement from a cause of action that arose post-confirmation and three years after plan payments began. The debtor moved to modify the plan to permit him to make a single lump-sum payment to pay off the amount remaining due under the plan. The debtor's former spouse, who was a creditor by virtue of the terms of a divorce decree, objected to the proposed modification, arguing that the settlement was a "windfall" which was property of the bankruptcy estate under § 1306 and should be taken into account in the best interests of creditors test. She also argued that it should be considered in the best efforts/disposable income test.

In analyzing the best interests of creditors test, which requires that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date," the *Forbes* court determined that the relevant date is the effective date of the originally confirmed plan, not the post-confirmation modification. 215 B.R. at 189. Moreover, the court held, the focus of the best interests of creditors test is a hypothetical distribution under Chapter 7. Therefore, the Chapter 13 definition of property of the estate, which includes property acquired and money earned post-petition, is irrelevant. *Id.* at 190. For these reasons, the court said the settlement money need not be considered in applying the best interests of creditors test.

The court went on to explain that it is unlikely that the best efforts/disposable income test in § 1325(b) is applicable to post-confirmation modifications, in light of the exclusion of that section from § 1329, but suggested that even if it does apply, it cannot be a factor in situations where the proposed modification is filed more than two years after payments began under the original plan because it would be impossible to satisfy the three-year payment of disposable income requirement as well as the five-year maximum plan length requirement. *Id.* at 191-92. The court affirmed the bankruptcy court's approval of the debtor's modification.

The *Forbes* decision has since been cited as authority for the proposition that Chapter 13 debtors may not be forced to use post-confirmation financial windfalls to pay their unsecured creditors. Such a proposition seems innately antithetical to the rationale of Chapter 13: sincerely intended repayment of pre-petition debt consistent with the debtor's available resources. *Handeen v. LeMaire (In re LeMaire)*, 898 F.2d 1346, 1358 (8th Cir. 1990) (en banc) (Magill, J., dissenting) (quoting *Metro Employees Credit Union v. Okoreeh-Baah*, 836 F.2d 1030, 1033 (6th Cir. 1988)); *United States v. Estus (In re Estus)*, 695 F.2d 311, 313-14 (8th Cir. 1982) (stating that Chapter 13 was enacted as an effective system of handling consumer bankruptcies as well as encouraging more debtors to attempt to pay debts under court supervision); *In re Ashton*, 63 B.R. 244, 247 (Bankr. D.N.D. 1986) (stating that a sincere and honest effort to repay all creditors is one of the principal purposes of Chapter 13).

A sincere effort to repay creditors is a hallmark of good faith, which is a requirement of plan modification by virtue of the incorporation of § 1325(a)(3)[2] into § 1329. *In re Ross*, 373 B.R. 656, 662 (Bankr. W.D. Mo. 2007); *In re Mellors*, 372 B.R. 763, 771 (Bankr. W.D. Pa. 2007). The element of good faith focuses on whether, considering the totality of the circumstances, the plan constitutes an abuse of the provisions, purpose or spirit of Chapter 13. *LeMaire*, 898 F.2d at 1348; *Estus*, 695 F.2d at 316.

The *Forbes* decision did not reach the good faith issue. For that reason, it is distinguishable from, and not binding authority for, the present case. Under the circumstances of the case before me, it is clear the debtors have the ability to pay all of their allowed claims. To permit them to pay only the amount remaining due under their confirmed plan while discharging more than $150,000 in unsecured debt would derogate the "sincere effort at repayment consistent with available resources" principle of Chapter 13. I disagree with *Forbes* to the extent it is read as prohibiting a court from taking post-petition changes in financial circumstances into account for purposes of plan modification. However, post-petition changes in circumstance can and should be considered under

---

[2]That provision states:

(a) . . . [T]he court shall confirm a plan if —

. . .

    (3) the plan has been proposed in good faith and not by any means forbidden by law[.]

the good faith prong of §§ 1325(a)(3) and 1329, which was not part of the *Forbes* decision. *See Sunahara v. Burchard (In re Sunahara)*, 326 B.R. 768, 781-82 (B.A.P. 9th Cir. 2005) (stating that the court should carefully consider whether modification has been proposed in good faith); *Fridley v. Forsythe (In re Fridley)*, 380 B.R. 538, 543 (B.A.P. 9th Cir. 2007) (reaffirming the validity of *Sunahara* and stating that good faith is an essential element of plan modification); *In re Archer*, Case No. BK05-85920-TJM (Bankr. D. Neb. July 20, 2007) (citing *Sunahara* with approval and noting its holding that plan modifications must be proposed in good faith).

Because these debtors cannot in good faith pay only $2,800 to complete their confirmed plan and discharge the remaining unsecured debt while keeping the balance of $468,000 for themselves, their motion to modify the plan must be denied.

IT IS ORDERED the debtors' motion to modify plan (Fil. #65) is denied. The Chapter 13 trustee's motion to modify plan (Fil. #66) is granted. The debtors shall file an amended plan by May 1, 2008, that provides for payment in full of all claims.

DATED:    April 10, 2008

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *Joe Hawbaker
    Susan Williams
    *Marilyn Abbott
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.